UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| REV. CURLEY HOWSE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:24-cv-01125 ) ) JUDGE RICHARDSON |
| JESSICA TRIVETTE, *et al.*, | ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Rev. Curley Howse brings this pro se action under 42 U.S.C. § 1983, alleging violations of his civil rights. (Doc. No. 1). Plaintiff also filed an Application for Leave to Proceed In Forma Pauperis. (Doc. No. 2).

## I. FILING FEE

The Court may authorize a person to file a civil suit without paying the filing fee. 28 U.S.C. § 1915(a). Section 1915 is intended to insure that indigent persons have equal access to the judicial system by allowing them to proceed without having to advance the fees and costs associated with litigation. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948). Pauper status does not require absolute destitution. *Adkins*, 335 U.S. at 339; *Foster v. Cuyahoga Dep't of Health and Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). Rather, the relevant question is "whether the court costs can be paid without undue hardship." *Foster*, 21 F. App'x at 240. Proceeding in forma pauperis is a privilege, not a right, and "[t]he decision whether to permit a litigant to proceed [in forma pauperis] is within the Court's discretion." *Id*.

Plaintiff reports a monthly income of $943.00 from "SSI" payments and receives $206.00 in food stamps. (Doc. No. 2 at 1-2, 5). Plaintiff reports paying $850.00 in rent each month. (*Id*. at 4). Plaintiff reports having no bank accounts or cash. (*Id*. at 3). Because Plaintiff's IFP Application reflects that he lacks sufficient financial resources to pay the full filing fee without undue hardship, the IFP Application (Doc. No. 2) is **GRANTED**. The Clerk therefore is **DIRECTED** to file the Complaint in forma pauperis. 28 U.S.C. § 1915(a).

Even though Plaintiff has been granted pauper status, he is not exempt from other fees and costs in this action. Costs may include postage, copying fees, witness fees, and deposition and transcript costs. More information about proceeding in forma pauperis can be found on the Court's website and in the Court's Information Sheet entitled "In Forma Pauperis (IFP) Status for Nonprisoners" which is available from the Clerk's Office upon request at no cost.

## II. INITIAL REVIEW

A. <u>LEGAL STANDARD</u>

The Court must conduct an initial review and dismiss the Complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Ongori v. Hawkins*, No. 16-2781, 2017 WL 6759020, at *1 (6th Cir. 2017) ("[N]on-prisoners proceeding in forma pauperis are still subject to the screening requirements of § 1915(e)."). To avoid dismissal for failure to state a claim, the Complaint must contain sufficient factual allegations to render a right to relief "plausible on its face," *Small v. Brock*, 963 F.3d 539, 540 (6th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)), such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). In making the plausibility determination, "the Court assumes the truth of 'well-pleaded factual

allegations' and 'reasonable inference[s]' therefrom," *Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 181 (2024) (quoting *Iqbal*, 556 U.S. at 678–79), but is "not required to accept legal conclusions or unwarranted factual inferences as true." *Inner City Contracting, LLC v. Charter Twp. of Northville, Mich.*, 87 F.4th 743, 749 (6th Cir. 2023) (citation omitted). The Court must also afford the pro se pleading a liberal construction, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), while viewing it in the light most favorable to the plaintiff. *Inner City*, 87 F.4th at 749.

B. <u>ANALYSIS</u>

A preliminary examination of the Complaint here reveals that it "runs afoul of the [Federal Rules of Civil Procedure] governing the joinder of claims and parties in a single lawsuit." *King v. Chambers*, 3:20-cv-00379, 2020 WL 2404672, at *2 (M.D. Tenn. May 12, 2020). The Federal Rules allow the joinder of all claims against a single opposing party, as well as all defendants alleged to be liable for "the same transaction, occurrence, or series of transactions or occurrences" where "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 18(a) and 20(a)(2). The Federal Rules do not, however, allow for the combining of "unrelated claims and defendants in one lawsuit." *Proctor v. Applegate*, 661 F. Supp. 2d 743, 780 (E.D. Mich. Sep. 30, 2009) (citation and internal quotation marks omitted); *see also Tolbert v. Tennessee*, No. 2:17-cv-2137-STA-egb, 2017 WL 4324541, at *2 (W.D. Tenn. Sep. 28, 2017). "Unrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Here, Plaintiff sues 16 Defendants. (Doc. No. 1 at 2-7). Plaintiff's allegations span multiple dates and scenarios, are disorganized in thought, and are nearly incomprehensible. (*See* Doc. Nos. 1, 1-1). As best the Court can discern, Plaintiff seeks damages against various Defendants based on a wide variety of claims stemming from different incidents regarding: (1) defamation, coercion,

threats, intimidation, and the unlawful arrest of Plaintiff at his home on September 14, 2023 due to allegations of child sex trafficking and enslavement (Doc. No. 1-1 at 3); (2) a Defendant forcing Plaintiff to sign a government document saying Plaintiff violated his parole (*Id*. at 6); (3) the unconstitutionality of the jury in Plaintiff's prior criminal case that occurred over 40 years ago (*Id*. at 7); (4) an issue with Plaintiff receiving his sex offender registration ID card (*Id*. at 9-11); (5) misrepresentations regarding Plaintiff's access, or lack thereof, to discovery and transcripts from his prior criminal case (*Id*. at 12); (6) many years of alleged sexual and physical abuse while Plaintiff was incarcerated and while at a psychiatric hospital (*Id*. at 14, 21-26); (7) molestation and false imprisonment allegations from when Plaintiff was 15 years old (*Id*. at 14-15); (8) constitutional due process and civil rights violations (*Id*. at 19); (9) the waiver of Plaintiff's right to counsel (*Id*. at 20); and (10) Plaintiff's issues with his prior cellmate (*Id*. at 27-28).

Courts typically reject pleadings of this type due to misjoinder of claims and parties. *See Tolbert*, 2017 WL 4324541, at *3; *Staples v. Stone*, No. 16-cv-12367, 2017 WL 76891, at *3 (E.D. Mich. Jan. 9, 2017) (quoting *Proctor*, 661 F. Supp. 2d at 778) (explaining that, under the Federal Rules, a Plaintiff must assert "at least one claim to relief against each [defendant] that arises out of the same transaction or occurrence and presents questions of law or fact common to all."). Permitting Plaintiff to proceed with the current Complaint would go against the joinder rules and complicate the litigation of this case.

Accordingly, to proceed, Plaintiff **MUST** file a proper amended complaint within **30 DAYS**[1] of the date this Order is entered on the docket. Plaintiff can assert all the claims he has against a single defendant, regardless of whether the claims arise from the same incident or

---

[1] For clarity, any amended complaint must be received by the Court no later than 30 days after the date of entry of this Order.

incidents; or, he can assert the claims he has against multiple defendants that all arise from the same incident or series of related incidents, but no other claims unrelated to such incident(s). *See King*, 2020 WL 2404672, at *3. As to claims in his current pleadings that end up falling outside the scope of the amended complaint (should Plaintiff choose to file one), Plaintiff may still pursue them but must file separate lawsuits to do so. *Id*.

The Clerk is **DIRECTED** to mail Plaintiff a blank 42 U.S.C. § 1983 complaint form, which he should use if drafting an amended complaint. Plaintiff **MUST** include the docket number for this case, 3:24-cv-01125, on the first page of his amended complaint.

### III. MOTION FOR APPOINTMENT OF COUNSEL

Within his Complaint and not by separate motion, Plaintiff requests the appointment of an attorney by writing, "PLAINTIFF REQUEST THE CT. APPT. COUNSEL TO ASSIST AND FURTHER AMEND DUE TO [PLAINTIFF'S] FALSED[sic] IMPRISONMENT OVER 43 YRS." (Doc. No. 1 at 9). The Court construes this request as a Motion for Appointment of Counsel.

The Supreme Court has held that "an indigent's right to appointed counsel . . . exist[s] only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Dep't of Social Servs.*, 452 U.S. 18, 25 (1981). Thus, unlike in criminal proceedings, there is no constitutional right to an appointed counsel in a civil action, such as this action. *Willett v. Wells*, 469 F. Supp. 748, 751 (E.D. Tenn. Aug. 18, 1977), *aff'd*, 595 F.2d 1227 (6th Cir. 1979); *see Williamson v. Autorama, Inc.*, No. 91-5759, 947 F.2d 947 (6th Cir. 1991) (citing *Willett* favorably). The appointment of counsel for a civil litigant is a matter within the discretion of the district court and will occur only under exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993). A district court considers two things when deciding whether exceptional circumstances exist: (1) the type of case and (2) the ability of the pro se litigant to represent himself or herself,

with the latter involving a determination as to the nature of the factual and legal issues involved. *Id*. at 606 (The "*Lavado* factors").

Plaintiff does not identify any specific reason as to why he is unable to proceed without the appointment of counsel besides alleging to have been falsely imprisoned for over 43 years. (Doc. No. 1 at 9). Furthermore, Plaintiff has prepared and filed a Complaint (Doc. No. 1), including 32 pages of his "Statement of Claim" filed as an attachment to the Complaint (Doc. No. 1-1), an IFP Application (Doc. No. 2), and a Notice of Change of Address (Doc. No. 5). Consequently, the *Lavado* factors weigh in favor of denial of Plaintiff's motion for the appointment of counsel. *Hurst v. Holloway*, No. 3:17-cv-00661, 2018 WL 2388550, at *2 (M.D. Tenn. May 25, 2018).

At this time, the Court finds that Plaintiff has not demonstrated exceptional circumstances warranting the appointment of counsel. Plaintiff prepared multiple filings and is prosecuting his case in a minimally competent manner, albeit with corrections needed. Thus, his Motion for Appointment of Counsel is **DENIED WITHOUT PREJUDICE**. However, Plaintiff may renew his request later, if appropriate.

The Court notes that Plaintiff made multiple requests, introduced as motions, of the Court in his Statement of Claim.[2] (Doc. No. 1-1 at 11, 17, 19). To the extent that Plaintiff seeks relief from the Court within his Complaint (Doc. No. 1) and Statement of Claim (Doc. No. 1-1) in the

---

[2] In his Statement of Claim, Plaintiff wrote to the Court, "MOTION THE COURT REVIEW THAT SEX REGISTRY DIRECT VIOLATION OF FED. CONST. LAWS AND CIVIL RIGHTS VIOLATION . . . MOTION THE CT. REVIEW DEFENDANT STATE OF TN. AND DEFENDANTS . . . GROSSLY KNOWINGLY VIOLATED [PLAINTIFF'S] FED ALSO TN. CONST. STATE'S RIGHTS . . . MOTION THE CT. REVIEW AND RULE DEFENDANTS CONTINUOUSLY OVER 44 YEARS VIOLATING [PLAINTIFF'S] FED. CIVIL AND CONST. RIGHTS . . . ." (Doc. No. 1-1 at 11, 17, 19).

form of motions, Plaintiff must file motions separately from the Complaint for each request made to the Court. *See* M.D. Tenn. L.R. 7.01.

## IV. CONCLUSION

Plaintiff is warned that failure to comply with this Order within the time provided, or to timely request additional time to do so, may result in action by the Court, including potential dismissal of parties, severing of claims, or dismissal of this action for failure to prosecute and failure to comply with the Court's Order.

Plaintiff is cautioned that failure to keep the Court apprised of any change in his address of record may result in dismissal of this case. M.D. Tenn. L.R. 41.01(b).

Resources for pro se litigants are available free of charge on the Court's website as well as by request to the Clerk's Office so long as the privilege is not abused.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE